## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2011

No. 10-30934

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiffs-Appellee

v.

SANDY L. DAVIS

Defendants-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-88

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Sandy L. Davis was charged in an indictment with three counts of distributing 50 grams or more of cocaine base. Pursuant to a written plea agreement, Davis pleaded guilty to the charges. In the plea agreement, Davis waived his right to appeal his conviction and sentence except to challenge any sentence above the Guidelines sentence range. After being sentenced by the district court to a term above the Guidelines range, Davis appealed the district court's upward departure. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30934

## FACTS AND PROCEEDINGS

In the presentence report (PSR), the probation officer determined that Davis's offense involved 185 grams of cocaine base and that Davis's base offense level was 32. She applied a two-level safety valve reduction and a three-level reduction for acceptance of responsibility, and calculated Davis's total offense level of 27. In determining Davis's criminal history category, the probation officer reported that Davis had one prior conviction for driving without a driver's license that counted for one criminal history point. Because that was Davis's only prior conviction that counted for criminal history points, she determined that Davis's criminal history category was I.

In addition to his one prior conviction, the probation officer also reported that Davis had prior juvenile adjudications for aggravated battery and attempted manslaughter and prior adult convictions for possessing an open container of alcohol in a motor vehicle, urinating in public, and illegally possessing a firearm in a public park, but determined that these did not count for criminal history points. The officer noted that Davis had been arrested, but not convicted, for the following offenses: drug traffic loitering; possession of marijuana; illegal carrying of weapons; aggravated battery; aggravated battery with illegal use of weapons; two counts of attempted murder; unauthorized entry of an inhabited dwelling; simple battery; operating a vehicle while intoxicated; reckless driving; driving with an expired driver's license; illegal use of weapons or dangerous instrumentalities; production, manufacture, distribution, or possession of a schedule II controlled dangerous substance; illegal carrying of a weapon with a controlled dangerous substance; prohibited acts; possession of drug paraphernalia; and seven counts of contempt of court for failure to appear. The PSR contained details of these offenses that were gathered from five police reports and three DEA investigation reports. The PSR also stated that Davis had 14 pending charges for traffic violations in addition to other counts including

2

No. 10-30934

for attempted second degree murder, illegal carrying of weapons, and illegal use of weapons or dangerous instrumentalities stemming from an incident—the latter pending charges all stemming from an incident where Davis allegedly fired shots at a person with whom he was fighting as well as at police officers who arrived at the scene. The probation officer further noted that Davis was arrested once as a juvenile for being ungovernable and once for being ungovernable, being a runaway, and truancy.

The probation officer calculated that Davis's Guidelines sentence range was 70-87 months of imprisonment and three to five years of supervised release. She noted that Davis's statutory minimum sentence was 120 months of imprisonment, but that this was inapplicable because Davis met the conditions for the application of the safety valve under 18 U.S.C. § 3553(f). She stated that Davis's criminal history was a possible ground for an upward departure because this category could under-represent his criminal history and the likelihood that Davis would commit other crimes.

Neither Davis nor the Government objected to the initial PSR. However, after the PSR was issued, the probation officer learned that Davis had been caught in possession of a cell phone twice while incarcerated awaiting sentencing and that Davis refused to inform authorities how he obtained the cell phones. Due to this behavior, the probation officer determined that Davis was not eligible for the three-level reduction for acceptance of responsibility. Without a reduction for acceptance of responsibility, she calculated that Davis's Guidelines sentence range was 97-121 months of imprisonment.

Both Davis and the Government objected to the Supplemental Addendum to the PSR, with Davis arguing that he should receive a reduction for acceptance of responsibility and the Government arguing that Davis should not receive a safety valve reduction. The probation officer agreed with the Government's objection, and rejected Davis's objection. She recalculated Davis's Guidelines

No. 10-30934

sentence range without the safety valve reduction, which resulted in a sentence range of 121-151 months of imprisonment.

The district court ruled that Davis was not eligible for a safety valve reduction because he had not truthfully provided the Government all the information he had concerning the offense. The PSR indicated that Davis had at least eight adult arrests involving firearms and had pending charges for attempted murder.   The court further noted that Davis had arrests for drug trafficking and drug traffic loitering and that Davis's possession of cell phones while in jail showed that Davis had not changed.   Having determined that category I did not adequately represent Davis's criminal history, the court concluded   that an upward departure to a criminal history category of III, resulting in a Guidelines sentence range 151-188 months was warranted. Davis objected that the upward departure was based upon accusations, not convictions. According to the  court, while Davis did not have many prior convictions, he had "beaucoup arrests."   Davis then made a further objection, arguing that an upward departure was not appropriate based solely upon Davis's arrest record without "additional meat behind" the arrests.  The district court overruled the objection, noting that the information concerning Davis's prior arrests came from law enforcement agencies that it found to be reliable.  Davis was sentenced to 160 months of imprisonment and five years of supervised release on each count, the sentences to run concurrently.

## DISCUSSION

This Court reviews a sentence for "reasonableness" and to determine whether the district court abused its discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). The review of the departure for substantive reasonableness must take into account the totality of the circumstances including the extent of any variance from the Guidelines range. *Id.* at 51.  There is no abuse of discretion if the court's reasons for the departure (1) advance the objectives set forth in 18

No. 10-30934

U.S.C. § 3553(a), (2) are authorized by 18 U.S.C. § 3553(b), and (3) are justified by the facts of the case. *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005).

In *Williams*, the Supreme Court held that it was improper to impose a sentence above the Guidelines range when the departure was based on a factor rejected by the Sentencing Commission. *Williams v. United States*, 502 U.S. 193, 200-01 (1992). The Guidelines provide that "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1). In considering whether to depart upward, the district court may consider, *inter alia*: "[p]rior sentence(s) not used in computing the criminal history category"; "[w]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense"; and "[p]rior similar adult criminal conduct not resulting in a criminal conviction." § 4A1.3(a)(2)(A), (D), & (E). "A prior arrest record itself shall not be considered for purposes of an upward departure." § 4A1.3(a)(3); *see also United States v. Jones*, 444 F.3d 430, 434 (5th Cir. 2006) (determining that consideration of prior arrests by a district court when sentencing constitutes plain error). An upward departure based on arrests standing alone or the "mere fact of prior arrests" are error, but arrests that are corroborated by other evidence in the record may be considered. *United States v. Williams*, 620 F.3d 483, 493 n.9 (5th Cir. 2010).

Davis argues that the district court erred because the upward departure is based predominantly on his prior arrests. While we agree with his assertion that the use of only the fact of a prior arrest runs contrary to our case law, we disagree with his assertion that such case law is applicable here. We have previously held that a PSR "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual

determinations." *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). We have also held that facts contained in a PSR are reliable when they are obtained from law enforcement reports. *United States v. Nava*, 624 F.3d 226, 230-31 (5th Cir. 2010).

The record indicates that the PSR contained more than just the alleged crimes for which Davis was arrested. The PSR contained summaries and factual underpinnings for the pending charges and prior arrests which lend credibility and support for a higher crime level than would a mere statement of arrest. The district court relied on facts within the report when making the upward departure and, except in the incident of his current attempted murder charge for which the defendant claimed innocence, the defendant presented no evidence that the facts contained in the PSR surrounding his prior arrests were untrue or unfounded. *See Nava*, 624, F.3d at 231. The district court noted Jones's history of arrests, found the facts supporting the arrests to be credible, and stated that it "had accepted the factual determinations." S.E.R. 35. "The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue." *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995). Having failed to meet that burden, the district court did not commit error in using the PSR and the facts surrounding his prior arrests as a basis for the upward departure.

Finally, we do not believe that the upward departure to 160 months for the defendant was unreasonable. The PSR and surrounding facts of the arrests indicate strongly that the criminal history category in the initial Guidelines range vastly under represented Davis's criminal past and his propensity for crime both previously and going forward. Taking into account Davis's criminal history we find that the district court did not err in the upward departure from the Guidelines range.

No. 10-30934

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.