## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2012

Lyle W. Cayce
Clerk

No. 12-10331
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DUSTIN ANTHONY ENGLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CR-59-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Dustin Anthony Engler appeals the sentence imposed following his guilty plea conviction for possession with the intent to distribute methamphetamine. He was sentenced to 120 months of imprisonment and three years of supervised release. On appeal, Engler contends that the district court procedurally erred by (1) considering unproved relevant conduct when it determined his base offense level and (2) denying a two-level reduction for his being a minor participant.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When we consider whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range," we review the district court's application of the Guidelines de novo and its factual findings, such as relevant conduct and the extent of the role played by the defendant, for clear error. *Gall v. United States*, 552 U.S. 38, 49-51 (2007); *United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008); *see United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996) (holding that amount of drugs attributable to a defendant is a factual finding); *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005) (holding that role in the offense is a factual finding). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citation omitted).

Engler claims that the district court erred in its determination that he was responsible for approximately 211 grams of methamphetamine. He contends that he should have been held accountable for only 6.73 grams of methamphetamine, the amount he admitted in his factual basis and during his plea. Although he does not challenge that the facts set forth in his presentence investigation report (PSR) constitute relevant conduct, Engler insists that he should not have been held accountable for such conduct because the government offered no evidence to support its relevance.

In determining the amount of drugs attributable to a defendant, the district court may rely on the information in a PSR in the absence of rebuttal evidence. *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). "The defendant bears the burden of demonstrating that information the district court relied on in sentencing is materially untrue." *Davis*, 76 F.3d at 84 (internal quotation marks and citation omitted).

Here, the district court relied on the PSR's account of Engler's relevant conduct. Although Engler objected to the inclusion of this information in the PSR, he offered no rebuttal evidence to demonstrate that the information was

materially untrue, inaccurate, or unreliable. Mere objections to the evidence used by a district court for sentencing purposes do not constitute competent rebuttal evidence. *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002); *Rodriguez*, 602 F.3d at 363; *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). Consequently, reliance on this information was not improper. *See United States v. Davis*, 450 F. App'x 411, 413-14 (5th Cir. 2011).

Engler also claims that the district court erred in failing to grant him a two-level reduction for his "minor" role in the offense. He maintains that the evidence showed that he was "the low man on the totem pole" and thus less culpable than most of the other participants in the offense.

Section 3B1.2(b) authorizes a two-level reduction in a defendant's offense level if he was a minor participant. The minor-role adjustment applies to defendants who are only peripherally involved in the crime. *Id.* at 204. For purposes of § 3B1.2, participation in an offense is not to be evaluated with reference to the entire criminal enterprise of which the defendant was a part. *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). Rather, § 3B1.2 asks whether a defendant's involvement was minor in relation to the conduct for which he was held accountable. *Id.*

Engler may well be described as "the low man on the totem pole," but his role in possessing methamphetamine and arranging and conducting sales thereof were not peripheral to the advancement of the illicit activity to which Engler pleaded guilty. *See Villanueva*, 408 F.3d at 203-04. Engler's roles were central to possession with intent to distribute methamphetamine and "coextensive with the conduct for which he was held accountable." *Id.* Thus, the district court did not clearly err in refusing to grant Engler a minor-role adjustment under § 3B1.2(b).

In his reply brief, Engler contends for the first time that the government breached the plea agreement by failing to move formally for the grant of an additional one-level reduction under U.S.S.G. § 3E1.1(b). We do not consider

contentions raised for the first time in a reply brief.    *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).  More to the point, the PSR did recommend awarding Engler the one-level reduction, and he received it at sentencing, so there could not have been a breach of the plea agreement by the government on this question.

Accordingly, the judgment of the district court is
AFFIRMED.